## Ex parte NG SUEY HI.

District Court, W. D. Washington, N. D.
May 26, 1927.

No. 11520.

I. **Aliens** ⚙⟿32(5)—**Alien, seeking admission as citizen, has burden of proof of citizenship.**

Burden rests on one seeking admission as a foreign-born citizen to establish that fact, the presumption being that he is a citizen of the country where born.

2. **Aliens** ⚙⟿32(5)—**Daughter of Chinese citizen is not entitled to admission as citizen, without showing citizenship of her husband.**

Right of a Chinese woman to admission as daughter of a domiciled citizen may be governed by her own marital status; and evidence that she has been married, without showing the citizenship of her husband, warrants her exclusion.

Habeas Corpus. Petition of Ng Suey Hi for writ of habeas corpus. Writ denied.

Roger O'Donnell, of Washington, D. C., and John J. Sullivan, of Seattle, Wash., for petitioner.

Thos. P. Revelle, U. S. Dist. Atty., and C. T. McKinney, Asst. U. S. Dist. Atty., both of Seattle, Wash., for respondent.

NETERER, District Judge. Applicant, of the Chinese race, born in China, 24 years old, seeks admission as the daughter of a native-born citizen. She is denied admission. The citizenship of the alleged father is conceded.

[1] The power of the court to grant relief is limited. If there is any substantial testimony in the record supporting the exclusion order, the power of the court ends. The burden is upon the petitioner to show that she is entitled to admission. A person born in a country is presumptively a citizen thereof. United States v. Wong Kim Ark, 169 U. S. 649, 18 S. Ct. 456, 42 L. Ed. 890.

There is testimony tending to show that the alleged father and the mother of the applicant were living in a state of concubinage at the time of applicant's birth and for a time prior to the death of the alleged father's wife. The contention of the applicant is that, under section 1993, Rev. Stat. (Comp. St. § 3947), the marital relation between the alleged father and the mother of the applicant for admission is immaterial, if the blood relationship between the applicant and alleged father is established.

[2] As I view the record, I think the power of the court is limited by the testimony as to the marital status of the applicant, irrespective of the blood relationship mentioned. If the applicant married in China, she took the citizenship of her husband. She says that she never married. Her father and others say she never married. But one of her brothers, several years ago, did testify that she married since he came into the United States. This brother did not testify on this hearing. If the applicant is married, she must show that she was, or is, married to a citizen of the United States.

I do not think that any weight can be given to the statement of the chairman of the board of special inquiry as to the applicant's dictatorial manner and domineering or executive attitude as a reason for concluding that she is, or was, married; but the testimony of the brother, an intimate member of the family, that she is, or was, married, must be given weight; and this testimony, given at a time when no interest could be served thereby, has substantial bearing, and the court cannot say that there is no testimony to sustain the exclusion order.

Writ denied.